[Sac. No. 4903. In Bank.—August 30, 1935.]

VIOLA M. RABLIN (a Widow), Appellant, v. O. J. GREINER, Respondent.

Busick & Busick for Appellant.

Huston, Huston & Huston for Respondent.

CURTIS, J.—Plaintiff commenced an action against defendant to obtain a judgment annulling a sale under a certain deed of trust, and to cancel of record the deed executed in pursuance of said sale. Said action was brought pursuant to the provisions of section 3412 of the Civil Code, which provides that, "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." The action was brought upon the theory that the sale had been made in contravention of the provisions of the Mortgage Moratorium Act of 1933, chapter 263. (Stats. 1933, p. 795.) The defendant filed an answer and cross-complaint. The cross-complaint contained the usual allegations of a quiet title action to the effect that the defendant was the owner and entitled to the possession of the property, describing it; that plaintiff claimed an interest or estate therein adverse to defendant; that said claim was without right; that plaintiff refused to surrender possession of said premises to defendant; that defendant was damaged to the extent of $500 by such refusal. The prayer of said cross-complaint sought to have the adverse claims of the parties adjudged in said action; that the plaintiff be declared to have no interest in said property; that plaintiff be enjoined from thereafter asserting any claim thereto; that defendant recover from the plaintiff $500; that defendant have a writ of possession of

said land and premises; and for such other relief as to the court might seem meet and equitable.

Plaintiff served and filed a written demand for a trial by jury. At the trial, defendant withdrew his demand for damages, and opposed a trial by jury. The court denied a trial by jury and proceeded to hear the case. At its termination, a judgment was rendered in favor of the defendant.

The sole question presented on this appeal is whether or not the plaintiff, by virtue of the filing of the cross-complaint by the defendant, was entitled to a trial by jury. Plaintiff argues that the cross-complaint of the defendant, in that it set up the fact that defendant was out of possession and asked for a writ of possession, was in fact an action in ejectment and that it necessarily follows that the issues framed thereby were legal issues which plaintiff was entitled to have tried by a jury.

There is no merit in this contention. It is to be noted that the issues tendered by plaintiff in her suit under section 3412 of the Civil Code were equitable, and that plaintiff is relying upon the issues tendered by defendant as the basis of her right to a trial by jury although defendant was opposed to a trial by jury. It was held in *Angus* v. *Craven*, 132 Cal. 691 [64 Pac. 1091], that where plaintiffs are in possession and it appears that the defendant has never been in possession nor ousted therefrom, the equitable character of the action, under either section 738 of the Code of Civil Procedure, or section 3412 of the Civil Code, cannot be overthrown by the defendant's claim of title and prayer to be let into possession, either by answer or by cross-complaint. The defendant is not entitled to a jury trial of the action by reason of such claim of title and possession. It would seem that if in such a situation the defendant is not entitled to a jury trial, with much less reason can it be said that a plaintiff who has herself tendered only equitable issues, is entitled to a jury trial. This case is in our opinion controlling. It was followed in the case of *Johnson* v. *Peterson*, 90 Minn. 503 [97 N. W. 384], and is in accord with the great weight of authority. (*McNeil* v. *Morgan*, 157 Cal. 373 [108 Pac. 69]. See note, 98 A. L. R., p. 1391.)

Judgment is affirmed.

Waste, C. J., Shenk, J., Preston, J., and Langdon, J., concurred.