[Civ. No. 14931. First Dist., Div. Two. May 28, 1952.]

JENNIE DANIELS, Respondent, v. JAMES HARNEY, as Special Administrator, etc., et al., Defendants; JOHN DANIELS, Appellant.

John P. Doran and James A. Himmel for Appellant.

Doyle & Clecak for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to certain moneys in the possession of a special administrator. A second cause of action for money had and received is not involved in the appeal. A judgment on the pleadings was entered in favor of the plaintiff on the first cause of action.

The appellant argues that the judgment on the pleadings

was error because disputed issues of fact were raised in the answer. The disputed issues were issues of law only. The answer admitted that respondent and her husband held three bank accounts in joint tenancy; that, on October 13, 1948, Shull Daniels withdrew all said bank accounts; and, that on October 13, 1948, Shull Daniels died. The proceeds of these bank accounts were taken into the possession of the special administrator of the deceased who was made a defendant, but who does not appeal from the adverse judgment.

The issue of law involved does not call for extensive treatment. ■ The settled rule in this state is that upon the death of one holding a joint tenancy in personal property, which is the case here, the whole interest vests in the surviving tenant, not by descent, but by the fact of survivorship alone. *Wallace* v. *Riley,* 23 Cal.App.2d 654, 662, 665 [74 P.2d 800], where numerous authorities are cited.

Applying the principle to the facts of this case the rule is that were one joint tenant without consent withdraws the whole or part of the fund of a joint bank account during the life of both tenants the joint tenancy is not destroyed, the proceeds retain the joint tenancy character wherever they can be traced unless the character is changed by agreement of the parties and the deprived tenant can exercise his right of survivorship as to the entire fund which has retained the joint tenancy character. (*Wallace* v. *Riley,* 23 Cal.App.2d 654, 665; *Bliss* v. *Martin,* 74 Cal.App.2d 500, 515 [169 P.2d 61]; *Fish* v. *Security-First Nat. Bank,* 31 Cal.2d 378, 387 [189 P.2d 10].)

■ It is argued that the complaint failed to state a cause of action because it did not allege how the joint tenancy was created nor what the specific claims of the several defendants were. It was not necessary to plead either fact— *Ephraim* v. *Metropolitan Trust Co.,* 28 Cal.2d 824, 833 [172 P.2d 501].

Appellant argues that the decedent had the legal right to dispose of his right in the tenancy without the wife's consent and cites three cases supporting that doctrine. All three related to joint tenancies in real property and have no bearing on the issues raised here.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

The opinion was modified to read as above printed and a petition for a rehearing was denied June 27, 1952.