[Civ. No. 15301.   First Dist., Div. Two.   Jan. 23, 1953.]

JENNIE DANIELS et al., Respondents, v. ELIZABETH T. BALDWIN et al., Appellants.

John P. Doran for Appellants.

Doyle & Clecak for Respondents.

NOURSE, P. J.—Plaintiff sued in equity to quiet title to certain real property and to money held by the defendant Harney as special administrator of the estate of Shull H. Daniels. The controversy is of long standing and on a former appeal this court held that the money involved herein rightfully belonged to Jennie Daniels. (*Daniels* v. *Harney*, 111 Cal.App.2d 400 [244 P.2d 773].) Subsequent litigation in the trial court prevented the disposition of the funds, and the second cause of action herein was brought to seek another judgment determining the ownership of such funds. The cause was tried before the court without a jury and resulted in a judgment for the plaintiffs on both causes of action. When the case was called for trial on the day regularly set for that purpose the defendants failed to appear although proper notice to them had been given. The evidence covering the first cause of action consisted of a joint tenancy deed by which the plaintiff Daniels and her deceased husband held title to the realty as joint tenants. Proof of the death of the cotenant and of the sole and exclusive possession of the realty by the widow was duly made. No further proof was necessary to support the judgment on that cause of action.

As to the second cause of action, three joint tenancy bank accounts and three bank books evidencing said accounts were placed in evidence. Proof was also made that the widow

did not consent to the withdrawal of any money from these accounts. The evidence thus offered was amply sufficient to support the finding in favor of that respondent.

Appellants contend that the court erred in not giving full consideration to their affirmative defenses. Since they voluntarily refrained from appearing at the time set for the hearing they can not be heard to complain at this time as to the conduct of the trial. Finally, they argue that the court erred in denying their motion for a trial by jury. The cases are uniform that in a proceeding of this character in equity the parties are not entitled to a trial by jury as a matter of right. When the trial court acting upon that principal denies a motion for a trial by jury it is entirely proper that the case be tried by the court alone. *Rablin* v. *Greiner*, 4 Cal.2d 255, 257 [48 P.2d 696], is one of the many cases supporting this principle.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 23, 1953. Schauer, J., was of the opinion that the petition should be granted.