[Civ. No. 8578.   Third Dist.   July 20, 1955.]

MARIA MEDEIROS, Appellant, v. MAMIE P. COTTA, as Special Administratrix, etc., et al., Respondents.

John H. Machado for Appellant.

Francis Halley, Zeff & Halley and George G. Murry for Respondents.

VAN DYKE, P. J.—While plaintiff and appellant Maria Medeiros and Manuel Medeiros, now deceased, were husband and wife, Manuel, on October 29, 1940, opened a savings account in the Bank of Newman, defendant and respondent. This account stood solely in the name of Manuel. Shortly thereafter Manuel requested that the name of his son John be added to the account. He supplied a signature card signed by himself and John, which contained substantially the contract referred to in section 852 of the Financial Code. At all times material herein that statute stated that when a deposit is made in a bank by a person in the name of such depositor and another person and in form to be paid to either or the survivor, the deposit and any additions thereto become the property of such persons as joint tenants; and that the making of the deposit in that form, in the absence of fraud or undue influence, is conclusive evidence in any action or proceeding, to which either such bank or the surviving depositor is a party, of the intention of the depositors to vest title to the deposit and the additions thereto in such survivor. No new account in form was opened at the time John's name was added to the account and no new number was assigned to it. During 1945 Manuel again went to the bank and orally requested an official thereof to strike the name of John from the records of the account and to substitute therefor the name of his wife Maria. This was done and a new signature card signed by Manuel and Maria was filed in the bank, containing in substance the same matter contained in the first signature card. Again no new number was given to the account and no new account in form was set up in the records of the bank. However, as to both transactions an official of the bank testified as follows: Since the first deposit by Manuel the bank had had only one account on its records; upon Manuel's request that John's name be entered on the account and upon receipt of the signature card signed by Manuel and John they had made the requested changes; they had taken John's name off at the request of Manuel and had put Maria's name on in its place when they had received the signature card of Manuel and Maria; the second transaction was supposed to have canceled out the first; the second joint signature card canceled out the first and the method followed was the way they generally handled such transactions in the bank. Manuel died on March 20, 1949. He was survived by Maria, his widow, and by two daughters and two sons by a former wife. On June 4, 1949, his daugh-

ter, Mamie Cotta, was appointed special administratrix of his estate. A few days after her letters were granted she went to the bank and at her request the bank turned over to her the sum of $5,000, that sum being the balance in the account when Manuel died. She placed the money in her account as administratrix. Shortly thereafter she expended a considerable amount of the money in the payment of funeral expenses and the like. Manuel's will was admitted to probate August 17, 1950, letters being granted to John. Mamie filed her final account as special administratrix which was settled August 21, 1950, and under the order of the court she turned over to John, as executor, all moneys then in her hands, including what remained of the money she had obtained from the bank. On August 14, 1950, plaintiff and appellant filed this action against the bank and Mamie, as special administratrix, asking that she be decreed to have been the owner, as survivor, of the balance on hand in the bank account at the time of Manuel's death and that she have judgment against the bank for said sum, together with interest from the date of death. She alleged Mamie, as administratrix, claimed some interest for the estate of Manuel and asked judgment that such interest did not exist.

As to the transaction whereby the name of Maria was added to the account and the name of John was stricken off, the court found: ''that there was a transfer of the joint tenancy bank account between Manuel Medeiros, deceased, and John F. Medeiros to a joint tenancy bank account between plaintiff and Manuel Medeiros, deceased, which was legal although not in accordance with the usual procedure. That the [saving account] provisions requiring an agreement in writing and the presentation of the passbook were for the protection of the Bank of Newman and probably were waived when an officer of the Bank of Newman 'short-cut' the procedure, and, with the consent and direction of Manuel Medeiros, simply accomplished the ultimate result by striking out the name of John F. Medeiros and substituting the name of Maria Medeiros, the plaintiff herein.'' Nevertheless, the court found: ''That it is not true that upon the death of Manuel Medeiros the plaintiff, Maria Medeiros, became the sole owner of said money on deposit in said account''; that Maria had no interest in the money on deposit at the date of Manuel's death except such interest as she received under Manuel's will, which interest, a devise to her of decedent's bank accounts, was subject to the payment therefrom of debts,

expenses of last illness and probate costs as paid therefrom by Mamie as special administratrix. The remainder had, so the court found, been ordered paid to appellant on final distribution of the estate of Manuel. The court concluded that in this action Maria could take nothing and further that she was estopped from recovering anything; that she had been guilty of laches for failure to prosecute this action within a reasonable time. Judgment accordingly was so entered and Maria appeals.

█ The legislation referred to, as it existed when the transactions here in question occurred has been construed by the courts of this state as setting up two presumptions: First, that a deposit in the names of the depositor and another person "in form to be paid to" either or the survivor of them becomes the property of such persons as joint tenants. This presumption is not conclusive and may be overcome by proof that the owner depositor when making the deposit had no intention to create a true joint tenancy. █ The second presumption, that in the absence of fraud or undue influence it was the intention of the depositors to vest title in the survivor, is, however, conclusive. In order that the conclusive presumption may be applicable there must be a survivor, and even then the presumption applies only in favor of the survivor as to moneys still remaining in the account at the time of death. It does not apply in respect to money withdrawn by either of the depositors during life even if one of the depositors has subsequently died. (*Paterson* v. *Comastri,* 39 Cal.2d 66, 71 [244 P.2d 902].) When Manuel added John's name as a coowner with his own on the records of the bank the contract signed by himself and John and filed with the bank presumptively evidenced the creation of a joint tenancy between himself and John. However, by the terms of the statute which became a part of the contract (*Paterson* v. *Comastri, supra,* p. 72), either Manuel or John could draw a part or a whole of any balance in the account at any time during the lifetime of both, and the bank, upon honoring the withdrawal, would receive a statutory clearance.

█ In practical effect Manuel did withdraw the whole balance when he requested the bank to take the name of John off the record of the account and to insert the name of his wife, Maria, in lieu thereof. The trial court aptly described the process as simply a "short-cut" adopted by the bank officer. Manuel could have withdrawn the entire sum and then redeposited it in a new account in joint form for

the benefit of himself and Maria. To be sure, this would not have destroyed in any way the real interest of John, if any he had, and as to such interest as he did have he could follow the fund. (*Wallace* v. *Riley,* 23 Cal.App.2d 654, 665 [74 P.2d 807].) But neither the bank nor the personal representative of the deceased, Manuel, can claim the rights of John. John was a party to this proceeding as a cross-defendant and herein stipulated that he made no claim individually to any part of the money represented by the bank account that had stood in the names of Manuel and himself prior to the time when his name was taken from the records and that of Maria substituted therefor. When the account was changed the bank acquiesced and joined in a proceeding which amounted to a complete withdrawal of the balance in the account from the joint account of Manuel and John and a redeposit of the same sum in the joint account of Manuel and Maria. It had its statutory clearance and that clearance has not been challenged. When, therefore, Manuel died, a conclusive presumption arose as to any proceeding thereafter to which Maria and the bank were parties that she was the sole owner of the balance remaining in the account. No claim has been made in this proceeding that either fraud or undue influence was involved in setting up the joint account of herself and her husband. This conclusive presumption applied to any claim of Mamie or John as personal representative of Manuel's estate. The paying of the fund over to Mamie as administratrix was wholly without authority and was a violation of the bank's contractual duty to Maria. For it the bank must be held responsible unless it can maintain other and affirmative defenses.

The trial court having found, and justifiably as we have said, that by what occurred between Manuel, Maria and the bank when Maria's name was substituted for that of John, a transfer was made, its further finding that, upon the death of Manuel, Maria did not become the sole owner of the balance in the account, is against law and could have no support in any evidence attacking the conclusive presumption that as survivor she was such sole owner thereof. (*Kilfoy* v. *Fritz,* 125 Cal.App.2d 291, 294-295 [270 P.2d 579].)

The court found that Maria was estopped to claim anything as survivor of the joint account, and that she had been guilty of such laches in beginning her action that relief was barred to her. On these two additional grounds the court denied her

any relief. We think the record fails to support these findings.

To begin with, Maria's complaint alleged no facts from which either estoppel or laches could be inferred. Under such circumstances, it is a general rule that one who relies upon estoppel or laches as a defense must plead facts constituting such estoppel or laches where, as here, there is an opportunity to do so. (*Phoenix Mut. Life Ins. Co.* v. *Birkelund,* 29 Cal.2d 352, 363 [175 P.2d 5].) The bank did not plead either defense. True, the bank set up the history of the account as we have related it and pleaded that it had upon demand of Mamie as administratrix paid the balance into her hands and also pleaded the provisions in Manuel's will, a document to which of course it was not a party and which had not even been probated as Manuel's will when the funds were paid to Mamie. There was nothing in the pleaded history of the account or the transmittal of the funds to Mamie from which estoppel or laches in favor of the bank could be established. The bank was a party to the agreement which upon the death of Manuel vested in Maria sole ownership of the funds. It was the bank's duty to hold the fund until paid upon her order. Even if Maria knew that the funds had been wrongfully paid to Mamie she could, so far as the bank was concerned, completely ignore the unauthorized disbursement and hold the bank to its contractual obligation by action brought at any time within the statute of limitations. After the money had been paid to Mamie it was demanded of the bank by Maria. The demand was refused. The bank must be charged with knowledge that it paid the funds without authority, as much as would be the case if it disbursed the credits in a checking account without the order of the depositor. At all times the bank knew that its purported disbursement of the funds to Mamie was completely nugatory and did not diminish one whit its obligation to Maria. Judgment must go for Maria against the bank.

We turn now to that part of the judgment which decrees that Maria was entitled to no relief against Mamie. The only cause of action pleaded against Mamie rested on allegations that as special administratrix of the estate of Manuel she (Mamie) claimed some interest in the balance of the account when Manuel died and that she had no such interest. Mamie answered and admitted that for the estate of Manuel she did claim an interest in the account. She then set up two affirma-

tive defenses. The first defense was to the effect that on October 29, 1940, Manuel and his son John opened the account in the bank; that a deposit agreement was made; that thereafter, on oral request of Manuel, Maria's name was substituted for John's; and that the act of the bank in acceding to Manuel's request was wrongful; that Manuel neither withdrew any money from the account nor closed the account; that John never consented to the substitution of Maria's name for his and that the balance in the account on Manuel's death was $5,000. What we have said heretofore disposes of this so-called affirmative defense. The second defense contained the following allegations: The fact and the date of Manuel's death, Mamie's appointment as special administratrix, Maria's dismissal of her will contest, Mamie's accounting as special administratrix, the settling of her account and her authorized delivery of the estate assets to her successor, John, as executor of Manuel's will. The provisions of the will heretofore adverted to provided among other things that expenses of last illness, funeral expenses, claims against the estate of Manuel and expenses of administration should be paid out of the funds derived from a certain insurance policy of a fraternal order of which Manuel was a member and that if those funds were not enough then the payments were to be made out of Manuel's bank accounts in the Bank of Newman. It was further alleged that the insurance funds were insufficient, that in any event Maria had succeeded in having the insurance money paid to her and had retained the sums so paid against the demand of Mamie as administratrix. It appears that by this pleading Mamie was claiming that she was justified in receiving and paying out the funds from the joint account between Manuel and Maria. What we have heretofore said disposes of this alleged affirmative defense. Mamie's pleading also contained a cross-complaint and again she pleaded as personal representative of the deceased Manuel. She re-alleged what she had said in the second affirmative defense and that Maria's receipt of the $1,000 insurance payment was wrongful and that she owed the money to the estate of Manuel. Her prayer was that Maria take nothing as against her as administratrix and that in such capacity Mamie, for the benefit of the estate, received judgment in the sum of $1,000. The only claim of money set up that has not been heretofore disposed of is that concerning insurance funds. The trial court found and adjudged that Maria rightfully received and kept the insurance money and neither

Mamie as special administratrix nor John as executor has appealed.

The result of the foregoing is that Mamie failed to establish any interest in the balance of the joint account of Manuel and Maria and that Maria was entitled to judgment as against Mamie, quieting Maria's ownership of that balance. The judgment that Maria take nothing as against Mamie must be reversed.

The bank impleaded Mamie and John as personal representatives of Manuel's estate and also impleaded individually Manuel's four children, Maria, Mamie, Manuel, Jr., and Annie Silva. By these pleadings the bank set up the history of the account, alleged the payment of the balance therein on Manuel's death to Mamie as his personal representative, the various claims being made against it in respect to those transactions, and asked that all the cross-defendants not then before the court be brought in and that if the court should decide that any cross-defendant other than the personal representatives be declared to be entitled to the funds in dispute such person or persons receive only a judgment against the other cross-defendants and that no relief be given against the bank. We have already held that this prayer cannot be granted insofar as Maria is concerned and that she is entitled to a money judgment against the bank for the balance in the account when Manuel died. Because it had found that Maria was entitled to no relief whatever against any party to the action the trial court did not proceed further and made no decision of issues tendered by the cross-pleadings. The cause must, therefore, be returned for further proceedings in respect thereof. All that can be done now on this appeal is to declare the rights of Maria as survivor and as against the bank's unwarranted attempt to dispose of her funds by paying them over to Mamie as administratrix. The bank's claims that it is entitled to relief against those who have received or ultimately will receive any part of the funds it so paid over, through the administration of the estate of Manuel, are matters that must be left for further trial. In its brief the bank sets up its claim for alternative relief in the following manner:

"The trial Court found that the Bank of Newman turned over the funds in Account No. 10969 to Mamie P. Cotta, as Special Administratrix of the Estate of Manuel Medeiros, deceased, prior to the time that it had received a demand for said monies on behalf of appellant. [We have already

held that Maria was not required in pursuit of her rights against the bank to make any demand that it turn the fund over to her after Manuel's death. By that event the whole title was cast in her and from that time on the bank was without authority to disburse the funds except upon her order.] There is no evidence or allegation of bad faith on the part of the Bank in delivering said funds. Should this Court determine that appellant was entitled to said funds, the Bank would simply be guilty of a mistake in fact in assuming that decedent's estate was entitled to them.

"Mamie P. Cotta, after paying the funeral expenses and certain claims, turned over the balance of said funds to John F. Medeiros, on his qualification as executor of the Estate of Manuel Medeiros, deceased. The remainder of said monies is now held by the executor. It can be seen from the accounts of the estate, which were introduced into evidence, that both Mamie P. Cotta and John F. Medeiros, as individuals, were benefited by the payment of the above-mentioned items due to the fact that they would have been a charge against their respective interests in the estate.

"Mamie P. Cotta and John F. Medeiros, in either their individual or representative capacities failed to either plead· or prove that they suffered any detriment by any mistake made by the Bank of Newman."

It would not be proper for this court at this point to express any opinion on the matters thus urged by the bank. As to such issues we must remand the case for further trial.

Maria asks that we not only reverse the holding of the trial court as against her, but that we direct that court to enter judgment against all respondents to the effect that on the death of the deceased the money remaining in the account at said time vested in the appellant as surviving joint tenant. From what we have said it is clear that appellant is entitled to judgment to that effect and such a judgment is hereby directed. However, it is equally apparent that we cannot at this time direct a money judgment in her favor as the issues presented by the various cross-pleadings require that in order to do justice to all parties involved the trial court must proceed to the resolution of issues which have not yet been resolved by it. For instance, with·respect to Maria it appears that the court in probate treated the funds paid over to Mamie as assets of the estate of Manuel; that so treated they would come under the provisions of the will disposing of Manuel's accounts with the Bank of Newman

to his wife after the payment of various claims and expenses in probate; that a considerable part of the funds which Mamie so received were not expended in probate and that the decree of distribution orders the unexpended balance distributed to Maria under the decedent's will. It is the bank's claim, in effect, by its cross-pleadings that Maria is not entitled to what would amount to a double recovery in part and that, therefore, in equity it is entitled to have the protection of a decree that will enable it to recoup to that extent the loss it has suffered through its unauthorized disbursement of Maria's funds to Mamie. All such matters must remain for settlement upon a further trial.

The judgment appealed from is reversed and the cause is remanded for further proceedings in accordance herewith.

Finley, J. pro. tem.,* concurred.

A petition for a rehearing was denied August 17, 1955.

*Assigned by Chairman of Judicial Council.