[Civ. No. 7972.   Fourth Dist., Div. One.   Feb. 21, 1966.]

FRANK WILLIAM SCHMEDDING, as Administrator, etc., Plaintiff and Appellant, v. HERMAN SCHMEDDING, Defendant and Respondent.

Marsh & Graves and Ralph W. Graves for Plaintiff and Appellant.

Brooks Crabtree, Carlisle C. Lewis, Jr., and William G. Bailey for Defendant and Respondent.

FINLEY, J. pro tem.*—This appeal is by the plaintiff, as administrator of his sister Hilda's estate, from the judgment in a nonjury hearing in favor of defendant, also a brother of the deceased. The interveners are respectively a brother and sister of Hilda's deceased husband.

The judgment followed defendant's motion for judgment under the provisions of Code of Civil Procedure, section 631.8. The issue is ownership of funds held in joint tenancy by defendant and his sister, the deceased, during her lifetime.

On November 5, 1962, Hilda B. Kreis, hereinafter referred to as "Hilda", changed a savings account then standing in her sole name into a joint tenancy account between herself and her brother, Herman Schmedding, respondent herein. At the time there was in the account some $21,815.49. On January 25, 1963, respondent withdrew from this savings account the sum of $3,499.11 which he deposited in a checking account opened in the name of himself, his wife and Hilda as joint tenants. This checking account was used mainly to pay Hilda's bills and was closed approximately three months before Hilda's death. The balance of $18,316.38 remained in the joint savings account between Hilda and respondent and was so held at the time of Hilda's death, at the age of 64. Determination of the ownership of this deposit is the purpose of this action.

It appears that from time to time Hilda lived with various members of her family. She lived for a time with her brother,

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Albert, in Coventry, Connecticut. She then came to California and moved into the home of her brother Frank. Following a heart attack in September 1962, as a result of which she was hospitalized for two weeks, she returned to Frank's home for approximately two weeks. On November 1, 1962, she moved to the home of her brother, Herman, respondent here, where she remained until she died intestate and without issue on December 29, 1963.

The only question presented is ownership of the $18,316.38. Appellant contends that this determination must rest upon two points:

1. Whether there was a confidential relationship existing between the decedent and respondent.

2. The nature of the savings account involved as joint tenancy or otherwise.

The trial court took the position, as does respondent, that no finding on the question of confidential relationship was necessary. In the words of the trial judge: "All I have to find is there was no over-reaching of her at any time by Herman, so it wouldn't make any difference whether there was a confidential relationship or not, and she knew what she was doing at all times."

With this position of the trial court and also respondent we agree. ■ The existence of a confidential relationship would be material only if there had been before the court some reasonable degree of proof that respondent had violated a duty to Hilda existing apart from any such confidential relationship. Had such violation been established the question of whether there existed a confidential or fiduciary relationship would then have become material in proving an index to the degree of permissible transgression, for it is elementary that a confidential relationship demands a higher degree of *fides* than that commonly existing between those dealing with each other at arms length.

Our review of the proof discloses no reason to differ with the trial court in its finding that: ". . . Defendant Herman Schmedding exercised no undue influence, persuasion, over-reaching or any other type of control whatsoever over HILDA B. KREIS, . . . prior to or on November 5, 1962, when she established the above-mentioned joint tenancy savings account with right of survivorship between herself and Defendant HERMAN SCHMEDDING or thereafter up to the date of her death."

■ Respondent properly calls attention to the fact that

an appellate court must accept the determination of fact made in the trial court if there is any substantial evidence, contradicted or uncontradicted, to support the findings made. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

The above finding by the trial court, which the record adequately supports and with which we do not differ, obviates any obligation on the part of the trial court to find upon the suggested question of "confidential relationship".

The question of the interest of a surviving joint tenant in the property jointly held is discussed in the briefs at some length. Appellant calls attention to the conclusive presumption of ownership by the survivor upon the death of one joint tenant contained in former section 15 A of the California Bank Act, which presumption was not carried over when that section was finally re-enacted into Financial Code, section 852. He contends this fact implies that there is now no presumption that title passes to the surviving joint tenant upon death.

Respondent concedes that the conclusive presumption of section 15 A of the California Bank Act was not carried over into Financial Code, section 852, but he points to the cases of *Paterson* v. *Comastri*, 39 Cal.2d 66 [244 P.2d 902] and *Medeiros* v. *Cotta*, 134 Cal.App.2d 452 [286 P.2d 546] as authority for his contention that section 15 A of the California Bank Act was copied from the New York Bank Act and that in both states the courts have construed the act to have set up two presumptions: First, the rebuttable presumption that a deposit in the names of the depositor and another person, "in form to be paid to" either, or the survivor of them, became the property of such persons as joint tenants and second, the conclusive presumption that in the absence of fraud or undue influence, it was the intention of the depositor or depositors to vest title in the survivor. Respondent contends that although the conclusive presumption was not carried over, the rebuttable presumption was, and is as much a part of section 852 of the Financial Code as it was of section 15 A of the Bank Act. In 1949 this act became section 852 of the Banking Code which in turn in 1951 became Financial Code, section 852. Respondent maintains that: "With the deletion of the conclusive language contained in Section 15 A of the California Bank Act,—the Legislature intended to change the nature of the presumption to the title to the monies remaining on deposit at the date of

death of the owner-depositor from 'conclusive' to 'rebuttable'." Citing *Abbey* v. *Lord,* 168 Cal.App.2d 499 [336 P.2d 226]. That case implies the existence of such a rebuttable presumption with the statement that: "Section 852 of the Financial Code does not term the making of the deposit in a bank conclusive evidence of the intention of the depositors to vest title to the deposit in the survivor . . . . Parol evidence is competent to show the depositors' intention and equitable rights to the money."

In *Medeiros* v. *Cotta, supra,* 134 Cal.App.2d 452, and in *Comastri* v. *Burke,* 137 Cal.App.2d 430 [290 P.2d 663], it is held that Financial Code, section 852 is, as was section 15 A of the Bank Act, a part of the contract between the depositors and with the bank. ▇ It therefore follows that the rebuttable presumption of the survivor being the owner of the money on deposit in the account at the date of death of the owner-depositor is applicable and in the absence of evidence to the contrary the rebuttable presumption of ownership by the survivor must prevail. (*Perkins* v. *West,* 122 Cal.App.2d 585 [265 P.2d 538].)

In *DeBoer* v. *DeBoer,* 111 Cal.App.2d 500, 505 [244 P.2d 953], it is said that "A determination by a trial court that the presumption has been rebutted is conclusive on a reviewing court unless it is manifestly without support in the evidence. (*Estate of Baer,* 81 Cal.App.2d 830, 833 [185 P.2d 412].)"

▇ In the instant case the trial court found in accordance with this rebuttable presumption which was a question for that court to resolve. (*Paterson* v. *Comastri, supra,* 39 Cal.2d 66, 73; *Wheeland* v. *Rodgers,* 20 Cal.2d 218, 222 [124 P.2d 816]; *Spear* v. *Farwell,* 5 Cal.App.2d 111, 113 [42 P.2d 391]; *Copprell* v. *Copprell,* 87 Cal.App.2d 4, 6 [195 P.2d 868].) We find ample evidence in the record to support that determination and but little to contradict it.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.