**Susan K. JOHNSON–BATCHELOR, Plaintiff and Appellant,**

v.

**Dorothy F. HAWKINS, Administratrix of the Estate of Harold N. Hawkins, deceased, Defendant and Appellee.**

**No. 16605.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 1989.

Decided Jan. 10, 1990.

David C. Humphrey, Yankton, for plaintiff and appellant.

Frank J. Brady, Jean Massa, Brady, Reade & Johnson, Yankton, for defendant and appellee.

WUEST, Chief Justice.

Susan K. Johnson–Batchelor (Susan) appeals from a circuit court judgment which holds that Dorothy Hawkins (Dorothy) is entitled to a one-half interest in certificates of deposit held by Susan. We affirm.

In 1955, Dorothy married Harold Hawkins (Harold). During the early years of the marriage, Dorothy owned and operated a beauty salon in Yankton, South Dakota. Harold was a self-employed truck driver. Before their marriage, Dorothy and Harold each maintained their own separate checking accounts. After two years of marriage, however, Harold closed his checking account and began depositing his earnings in Dorothy's checking account. From that point on, most of the earnings that Harold and Dorothy made were deposited in this account.

Several years after their marriage, Harold and Dorothy began to purchase farm land and cattle. Much of this land and cattle was purchased with the money from their joint checking account. In 1966, Harold was forced to quit his trucking operation due to illness. As a result, he began to devote much of his time to farming. Dorothy also contributed to the farming operation. All the profits the two made from this operation were deposited in a

joint savings account. These funds were later used primarily for farming expenditures, but some funds were used to purchase certificates of deposit (CDs).

Prior to his marriage with Dorothy, Harold was married to a woman named Verda Otzenberger (Verda). By this marriage, Harold and Verda had one child, a daughter named Susan. In 1954, Harold and Verda were divorced. Following this divorce, Harold had little contact with his daughter Susan. After Verda's death in 1980, communications between Harold and Susan increased slightly, but still remained minimal. According to Susan, it was approximately at this time that Harold began to express his intent to provide for Susan after his death. In 1984, Harold began to purchase CDs in the names of "Harold Hawkins or Susan K. Johnson."[1] By 1986, Harold had purchased five of these CDs, the total value of which amounted to $78,-160.56. These CDs were purchased by funds from Harold and Dorothy's joint savings account and they were kept in a safe deposit box which was leased to Harold and Susan. Although Dorothy was aware that Harold was purchasing these CDs, she did not know that they were were being purchased in the names of Harold and Susan. Susan did not become aware of the CDs until after Harold's death.

In 1986, Harold died. Dorothy, who was the administratrix of Harold's estate, discovered the CDs in question and included them in the assets of Harold's estate.[2] After Susan had discovered her interest in the CDs, she brought an action against Dorothy, as administratrix of Harold's estate. Susan alleged that she and Harold owned the CDs as joint tenants and that she should be declared the sole owner of the CDs by reason of her right of survivorship. In response, Dorothy contended that she was entitled to an interest in the CDs as they were purchased by funds from the joint savings account held by her and Harold.

In the trial of this matter, the issue presented to the trial court was whether Harold had the right to withdraw funds from the joint savings account and dispose of them for his own purposes without being accountable to Dorothy. Based upon the evidence presented, the trial court held that Harold had the power to withdraw funds from the joint savings account, but he did not have the power nor the right to appropriate any more than one half of the funds in this account for his own purposes. The trial court then determined that in purchasing the CDs, Harold appropriated $39,080.28 in excess of the one half amount he was entitled to appropriate from the joint savings account.[3] The trial court then held this excess amount ($39,080.28) was Dorothy's property. As a result, a judgment was rendered which granted Dorothy an interest in the CDs in the amount of $39,080.28. Susan now appeals from this judgment.

On appeal, Susan argues that Harold, as a joint tenant in the savings account, was entitled to withdraw any amount of funds from that account without incurring liability to Dorothy.[4] We disagree. It is generally accepted that a party to a joint bank account may only withdraw funds without liability to his co-depositor when in fact he is the real owner of the money. *Anderson v. Iowa Dept. of Human Serv.*, 368 N.W.2d 104, 109 (Iowa 1985); *See also, Bunt v. Fairbanks*, 81 S.D. 255, 258, 134 N.W.2d 1, 2 (1965). In the present case, the trial court conducted a careful analysis of Harold and Dorothy's contributions to the savings account and specifically found that each had made equal

---

1. "Johnson" is Susan's last name by virtue of a previous marriage.

2. Initially, Dorothy filed a petition to take her elective share of Harold's estate. Shortly after the trial of this action commenced, however, she withdrew her petition.

3. This figure is not disputed on appeal.

4. It should be noted that in the present case it is not disputed that Harold and Dorothy were joint owners of the funds deposited in the savings account and that each were intended to have an equal right in the funds deposited. For an example of a case where a joint depositor did not intend to create equal rights in funds deposited, *see, Owen v. Owen*, 351 N.W.2d 139 (S.D. 1984).

contributions to the total amount of funds in the account. This finding, which is not disputed on appeal, indicates Harold was the owner of only half of the funds in the savings account, not all of them. Therefore, Harold was entitled to dispose of only half of the funds in the savings account without incurring liability to Dorothy. Dorothy is then entitled to trace or follow the funds into these CDs insofar as those funds represent her interest in that account. *See, Medeiros v. Cotta,* 134 Cal. App.2d 452, 286 P.2d 546, 549 (1955); *Landman v. Landman,* 136 A.2d 392, 393 (D.C.Mun.App.1957).

Based on the foregoing reasoning, we hold that the trial court did not err in rendering a judgment granting Dorothy an interest in the CDs in the amount of $39,080.28.

Judgment is affirmed.

All the Justices concur.