ABE J. WEINSTEIN, Administrator of the Estate of LOUIS SODARO, Appellant, *v.* VITO SODARO, Respondent.

No. 7876

October 23, 1975                                      541 P.2d 531

*Ralph L. Denton,* of Las Vegas, for Appellant.

*Robert N. Peccole,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On April 15, 1970, Louis Sodaro opened Savings Account No. 16245 at one of the branch banks of the First National Bank of Nevada in Las Vegas. Subsequent to that date and prior to his death on September 24, 1973, Louis indicated to his brother, Vito, and others that upon his death he desired to have the funds from this savings account transferred to Vito for the purpose of providing care for their invalid mother.

In that same connection Louis consulted with his brother-in-law, a licensed attorney in Springfield, Illinois, who advised Louis that his desire could be executed by changing his individual savings account into a joint tenancy with Vito. Louis proceeded to change Savings Account No. 16245 from his individual account to a joint tenancy with his brother Vito. He secured appropriate signature cards and mailed them to Vito who signed and returned them. Louis delivered the cards to the bank and on January 26, 1971, a notation was made on Louis' original signature card indicating that the account was changed from individual to joint. It was apparently understood between Louis and Vito that Vito would make no withdrawals from the account until Louis' death.

The bank issued no new passbook nor was any notation made upon the old passbook indicating the change. Louis retained possession of the passbook until his death in September of 1973.

Abe J. Weinstein was appointed administrator of Louis' estate and Weinstein and Vito claimed the money deposited in the savings account, an amount in excess of $11,500.00. The bank filed a complaint for declaratory judgment seeking a determination as to which party was entitled to the money. Weinstein, as administrator of the estate of Louis Sodaro, appeals the judgment rendered in favor of Vito.

The appellate contention is that Louis did not intend a joint tenancy but instead meant to make a gift of the savings account to Vito but that the gift fell short of the necessary requisites that constitute a valid gift and that therefore the money remains in the estate to be distributed to other heirs. The trial court had found to the contrary, of course, ruling that the joint tenancy was properly effectuated.

Under NRS 663.015 the trial court was bound to conclude that the parties intended to establish a joint tenancy relationship, first, because the statute is conclusive, and secondly, the obvious intention was to create a joint tenancy. The presumption in favor of a joint tenancy is mandated by the statute.[1] By

---

[1] NRS 663.015 reads as follows:

Deposits in names of two or more persons.

1. When a deposit has been made, or is made after July 1, 1971, by any person, in any bank or other depository transacting business in this state, in the name of such depositor and one, two or more persons, and in form to be paid to the survivor or survivors of them, such deposit and any addition thereto made by any of such persons, after the making thereof, shall become the property of such persons as joint

the enactment of NRS 111.065, which permits an individual to transfer solely owned property to himself and another as joint tenants,[2] the statute only requires that the transfer be manifested by a writing which in this case was met in the form of a signed signature card.[3] We see no other issues.

Affirmed.

---

tenants, and such deposits, together with all dividends thereon, shall be held for the exclusive use of such persons and may be paid to any of them during the lifetime of all or to the survivor or survivors after the death of any of them. Such payments and receipts or acquittances of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge to such bank or other depository for all payments made on account of such deposit.

2. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or other depository, or a surviving depositor, is a party, of the intention of the depositors to vest such deposit and the additions thereto in such survivor or survivors.

[2]NRS 111.065 reads as follows:

Joint tenancy in real and personal property: Creation.

1. Joint tenancy in real property may be created by a single will or transfer when expressly declared in the will or transfer to be a joint tenancy, or by transfer from a sole owner to himself and others, or from tenants in common to themselves, or to themselves and others, or to one of them and others, or from a husband and wife when holding title as community property or otherwise to themselves, or to themselves and others, or to one of them and others, when expressly declared in the transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants.

2. A joint tenancy in personal property may be created by a written transfer, agreement or instrument.

[3]Both parties rely upon Edmunds v. Perry, 62 Nev. 41, 140 P.2d 566 (1943). That case is subject to different interpretations. The evidence was conflicting as to what was intended and this court did not disturb the trial court finding that no joint tenancy was intended. Here, however, the intention to form a joint tenancy is clear.