ADOLPH FRANK, APPELLANT, *v.* IRENE FRANK, RESPONDENT.

No. 8975

December 22, 1977                    572 P.2d 530

*Wiener, Goldwater & Waldman* and *Gerald M. Gordon,* of Las Vegas, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondent.

660

## OPINION

By the Court, ZENOFF, C. J. (Retired):[1]

Adolph Frank has appealed from a judgment in favor of Irene Frank, his sister-in-law, in an action initiated by Adolph to recover one half of the proceeds remaining in a bank account in the name of Irene, Adolph and Joseph Frank, Irene's deceased husband.

In 1971 the decedent Joseph Frank opened an account with Valley Bank of Nevada in Las Vegas with funds transferred from an account in Los Angeles in the names of Joseph and his brother, Adolph. The source of the funds for the original Los Angeles account was the proceeds from the sale of an apartment complex in Las Vegas. This complex had been the sole property of Joseph.

Sometime after the opening of the Las Vegas account Adolph was added as a codepositor. At a later date, subsequent to his marriage, Joseph added Irene as a third codepositor.

On March 1, 1974, Joseph died, leaving Adolph and Irene as the sole surviving depositors on the account. Neither had ever contributed any money. Also, on March 1, 1974, Irene withdrew all of the money in the account, claiming that it had been Joseph's intent that it should go to her at his death. Adolph then filed the instant action seeking one half of the funds in the account at the time of Joseph's death. His contention is that under NRS 663.015[2] an irrebuttable presumption arose upon Joseph's death that a joint tenancy in the

---

[1]The Chief Justice designated HON. DAVID ZENOFF, CHIEF JUSTICE (Retired), to sit in this case. Nev. Const. art. 6, § 19; SCR 244.

[2]NRS 663.015 provided:

"1. When a deposit has been made . . . by any person, in any bank or other depository transacting business in this state, in the name of such depositor and one, two or more persons, and in form to be

account had been created and, that he therefore possessed a one-half interest in the proceeds.

At the trial Irene offered her own testimony and that of three other witnesses to prove that Joseph's intention was that the funds go to her at his death and to Adolph only in the event that Irene and Joseph died simultaneously. She contended that the conclusive presumption of intent to create a joint tenancy contained in NRS 663.015 does not apply in an action between two surviving codepositors.

Adolph's appellate contentions are that NRS 663.015 mandates a decision in his favor and further that the trial court erred in admitting the testimony of Irene and her three witnesses. Because we agree that the conclusive presumption of NRS 663.015 applies, we do not reach Adolph's other allegations of error.

This court has ruled that when one of two signatories to a joint account dies, NRS 663.015(2) prevents the executor of the decedent codepositor's estate from attempting to establish that there had been no intent to create a joint tenancy, in short, that the plain language of NRS 663.015 creates in such case a conclusive presumption of intent. Weinstein v. Sodaro, 91 Nev. 638, 541 P.2d 531 (1975). This ruling is in accord with the results reached under identical but now-repealed statutes in California and New York. *See* Paterson v. Comastri, 244 P.2d 902 (Cal. 1952); Moskowitz v. Marrow, 167 N.E. 506 (N.Y. 1929). Those cases held that during the lifetime of the depositors the form of deposit gives rise to a

---

paid to the survivor or survivors of them, *such deposit* and any additions thereto made by any of such persons, after the making thereof, *shall become the property of such persons as joint tenants,* and such deposits, together with all dividends thereon, shall be held for the exclusive use of such persons and may be paid to any of them during the lifetime of all or to the survivor or survivors after the death of any of them. Such payments and receipts or acquittances of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge to such bank or other depository for all payments made on account of such deposit.

"2. *The making of the deposit in such form shall,* in the absence of fraud or undue influence, *be conclusive evidence, in any action or proceeding to* which either such bank or other depository, *or a surviving depositor, is a party, of the intention of the depositors to vest such deposit and the additions* thereto in such survivor or survivors." (Emphasis supplied.)

NRS 663.015 was repealed by Stats. of Nev. 1977, ch. 422, p. 806, effective July 1, 1977. A virtually identical provision was reenacted by Stats. of Nev. 1977, ch. 422, p. 805 et seq., and is now codified as NRS 100.085.

presumption, which becomes conclusive as to the title of the survivor when a depositor dies. Whatever their true agreement may have been, the door to controversy was open while they lived, but closed upon the death of either. Moskowitz v. Marrow, *supra.*

But Irene challenges the applicability of the conclusive presumption in a case such as this where there are two surviving codepositors to a three-party joint account. She points to Comastri v. Burke, 290 P.2d 663 (Cal.App. 1955), where the court held that the conclusive presumption did not apply in an action between two surviving depositors to a three-party joint account. However, the court in Comastri v. Burke, *supra,* was motivated by a desire to avoid a construction of the statute which would limit the surviving sole contributor's free right of disposition merely through the fortuitous death of one of her intended beneficiaries. The distinguishing feature in this case in that Joseph, the sole contributing depositor, is the one who has died. The court's concern in *Comastri* with an interpretation of the statute which would limit the sole contributor's free right of disposition is therefore inapplicable in a situation where that sole contributor is dead. The dispute being between the surviving non-contributor signatories, all rationale for disregarding the plain language of NRS 663.015 (2) disappears. Therefore, the conclusive presumption of intent contained in that section applies in an action between two surviving non-contributing codepositors.

Reversed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.