[No. 3567–1–III. Division Three. January 13, 1981.]

YAKIMA ADJUSTMENT SERVICE, INC., *Respondent*, v. BLYTHE DURAND, ET AL, *Defendants*, LAINE W. DURAND, *Appellant*.

*Craig Smith* and *Thorner, Gano & Kennedy,* for appellant.

*James P. Hurley* and *Kurtz & Hurley,* for respondent.

GREEN, J.—Yakima Adjustment Service, Inc., obtained a judgment against Blythe Durand, d/b/a Blythe Enterprises.

Based on this judgment, a writ of garnishment was issued to the Yakima Branch, Rainier National Bank, for any monies or accounts of Blythe Durand to satisfy the amount of $2,675.05. The bank answered that it held funds in that amount. Blythe Durand filed a controverting affidavit stating that the garnisheed account was solely owned by her son, Laine; the funds in the account were the proceeds of a Small Business Administration loan to Laine; and she was authorized to write checks on the account only with Laine's approval at times when he was physically unable to do so. Laine Durand also filed a controverting affidavit confirming his mother's statements. Laine was allowed to intervene in the garnishment proceeding and filed a motion for summary judgment to quash the writ and for attorney's fees. His motion was supported by a second controverting affidavit in which he added Blythe had never made any deposits to the account. He stated the reason Blythe's name appeared on the account:

> I am a handicapped person, confined to a wheelchair, and also suffering from dyslexia. Because of my condition, I am sometimes unable to write checks or, on occasion, having written a check, I sometimes am unable to sign or endorse them. When I opened the account at Rainier National Bank, I explained to them that the account was to be for business purposes only, however I did want my mother to be able to sign the checks on the account should I suffer from the above condition. The bank advised me to have a joint account.

Based upon these uncontroverted affidavits, the court granted summary judgment to Laine Durand and awarded him costs but disallowed his reasonable attorney fees. From this order, Yakima Adjustment and Laine Durand appeal.

Laine Durand raises the question of whether a defendant–in–intervention, who is a prevailing party in a garnishment proceeding, is entitled to reasonable attorney's fees under RCW 7.33.290. Yakima Adjustment challenges the entry of summary judgment and contends (1) a judgment creditor should be allowed to reach all of the funds in a

joint account where the debtor is one of the joint signators; and (2) Laine Durand should have been denied his statutory costs. We first consider the questions raised by Yakima Adjustment.

## YAKIMA ADJUSTMENT APPEAL

First, Yakima Adjustment contends a judgment creditor should be allowed to garnish all the funds in a joint bank account on which one judgment debtor is a joint signator. This position is based upon former RCW 30.20.015 governing joint accounts in commercial banks:

> After any commercial or savings deposit shall be made . . . by any person in the names of such depositor and one or more other persons and in form to be paid to any of them or the survivor of them, such deposit and any additions thereto made by any of such persons after the making thereof, shall become the property of such persons as joint tenants with the right of survivorship, and the same, together with all interests thereof, in the case of savings accounts, shall be held for the exclusive use of such persons and may be paid to any of them during their lifetimes or the survivor or survivors. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or the surviving depositor is a party, of the intention of the depositors to vest title to such deposit and the additions thereto in the survivor or survivors.

It is argued that since the bank is permitted to pay all or part of a joint account to either depositor without regard to equitable ownership, a creditor should be allowed to garnish the account to the same extent. This argument has some appeal, but does not coincide with the application of this statute in analogous cases.

In *In re Matt*, 75 Wn.2d 123, 449 P.2d 413 (1969), similar language contained in a statutory provision applicable to savings and loan associations was construed. There, Mrs. Matt, who had a savings account, added her neighbor to the account and gave her the passbook. Later, Mrs. Matt was adjudged incompetent and a guardian was appointed.

The neighbor refused to deliver the passbook to the guardian or use any of the funds to pay expenses of Mrs. Matt. An action was brought by the guardian to recover the funds. The neighbor relied upon the statute and lost. The court held that the statute only created a rebuttable presumption of equal ownership in the depositors and evidence was admissible to show the intention of the parties as to the real ownership. The court stated, at page 129:

> There is no doubt that the original and still a primary purpose behind statutes of this nature is to protect the depository institution by insulating it from disputes with the depositors. . . . These statutes do so by permitting the institution to pay to one depositor's order absent written instructions to the contrary. In view of this purpose we are satisfied that the legislature intended the conclusive evidence provision to be applicable merely because the bank is a party only when it has a substantial interest in the outcome of the action. The legislature did not intend that the mere joinder of the depository institution called into play the conclusive evidence provision when the institution is a stakeholder and nothing more. In this case it is clear that the bank was only a stakeholder.

Similarly in this case, Rainier was only a stakeholder. Therefore, the statutory provision is not determinative of the rights or intentions of the parties.

It is well established that a creditor has no greater rights to a fund than his debtor, and if the debtor cannot recover an alleged debt in an action against a garnishee defendant, his creditor is under a similar disability. *Sundberg v. Boeing Airplane Co.*, 52 Wn.2d 734, 737, 328 P.2d 692 (1958); *B–Line Transp. Co. v. Poitevin,* 59 Wn.2d 581, 584, 369 P.2d 310 (1962). To allow the judgment creditor to garnish and obtain all of the funds of a joint account, when the debtor has no ownership interest in the account, would result in giving greater rights to a creditor than his debtor. In light of the foregoing, we hold, that the garnishment of a joint bank account reaches only those funds owned by the debtor. The burden of proving the ownership of the funds

rests upon the joint depositors. This holding coincides with the majority rule. Annot., 11 A.L.R.3d 1465 (1967).

Here, the record is uncontroverted that the funds were owned by Laine Durand and that his mother, Blythe, the judgment debtor, had no ownership interest. On this record, the trial court properly granted summary judgment.

Second, Yakima Adjustment contends the court erroneously awarded statutory attorney's fees and costs to Laine Durand as the prevailing party pursuant to RCW 4.84.030.[1] Yakima Adjustment argues that he did not prevail either against it or against the bank, because it was uncontroverted that the funds were in the account. Instead, it argues the only dispute was between Laine and Blythe Durand as to the ownership of the funds. Yakima Adjustment concludes that if Laine prevailed, he prevailed against Blythe and it should not be assessed with statutory attorney's fees. We disagree.

Yakima Adjustment initiated this action. Neither the bank nor Blythe Durand opposed the motion to quash the writ of garnishment. Thus, Laine Durand and Yakima Adjustment were the only two parties with any real interest in this matter. The prevailing party in a lawsuit is one who receives a judgment in his favor. *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 505 P.2d 790 (1973); *Ennis v. Ring,* 56 Wn.2d 465, 473, 353 P.2d 950 (1959). Laine prevailed on his motion to quash the writ. Therefore, the award of statutory attorney's fees and costs to Laine Durand was proper.

### LAINE DURAND APPEAL

Laine Durand assigns error to the denial of attorney's fees under RCW 7.33.290 relating to garnishment. That section provides:

---

[1] RCW 4.84.030 provides: "In any action in the superior court of Washington the prevailing party shall be entitled to his costs and disbursements; . . ." A prevailing party's costs include $35 attorney's fees under RCW 4.84.080.

Where the answer is controverted the costs of the proceeding, including a reasonable compensation for attorney's fees, shall abide the issue of such contest: *Provided,* That no costs or attorney's fees in such contest shall be taxable to defendant in the event of a controversion on the part of plaintiff.

Yakima Adjustment relies upon *Burr v. Lane,* 10 Wn. App. 661, 677, 678, 517 P.2d 988 (1974), in arguing that the purpose of the attorney's fees provision is to encourage the garnishee to answer truthfully. Thus, it argues attorney's fees should be awarded only when the garnishee's answer is controverted, which is not the case here. It is also argued that the statute does not apply when an intervenor controverts the answer. On the other hand, Laine Durand contends that although the garnishment statute does not specifically refer to intervenors, its attorney's fees provision is mandatory and should be uniformly applied to those who are affected by the proceeding. *Burr v. Lane, supra.* Since he was forced to defend the suit to prevent his funds from being garnisheed, he contends reasonable attorney's fees should have been awarded.

In *Watters v. Doud,* 92 Wn.2d 317, 596 P.2d 280 (1979), the court held that a defendant debtor could assert any defense he may have against his creditor in a garnishment proceeding and, if he prevails, recover attorney's fees under RCW 7.33.290. The court discussed the scheme of the garnishment statute at page 324:

RCW 7.33 sets out the procedures to be followed in garnishment proceedings and provides that upon being served with a writ of garnishment the garnishee must answer and disclose what funds, if any, he holds that are due or owing to a defendant. He must serve the answer on a defendant, RCW 7.33.150, who may thereafter controvert it by way of affidavit. RCW 7.33.250. The issue is thus formed and the matter then tried. RCW 7.33.260. At the hearing, a defendant is entitled to interpose all defenses he or she may have to a garnishment, including that the funds held by a garnishee are not subject to garnishment to satisfy the underlying judgment. It is apparent from the wording of RCW 7.33.290 and the overall

intent of the garnishment statutes that the reference to controversion of a garnishee's answer includes any defenses a defendant might have to a garnishment and is not limited to a determination of whether the amount of money listed in the answer is the precise amount owed by a garnishee to a defendant.

The garnishment statute provides a scheme whereby debts may be collected and funds may be protected against wrongful garnishment. The award of attorney's fees under RCW 7.33.290 is not limited to the judgment debtor. The statute only states that attorney's fees "shall abide the issue of such contest". Here, Laine Durand was the true owner of the funds garnisheed and was required to come forward and defend the garnishment. Both Laine and Blythe Durand controverted the garnishee's answer. For these reasons, attorney's fees should have been awarded to Laine as the prevailing party.

Reversed and remanded for the determination of reasonable attorney fees in the trial court and on appeal.

McINTURFF, C.J., and MUNSON, J., concur.