AUDRIA SLY, APPELLANT, v. ELMA BARNETT, Executrix of the Estate of Jeannette Carolyn Howe, Deceased, Respondent.

No. 12554

December 14, 1981                    637 P.2d 527

---

[2]The Governor designated the Honorable Thomas J. O'Donnell, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const., art. 6, § 4.

*Rickdall & Shulman,* Las Vegas, for Appellant.

*William R. Devlin,* Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This appeal is from a summary judgment entered in favor of respondent Barnett, executrix of the estate of Carolyn Howe, and defendant below.

The issue in this case is whether a joint tenancy relationship existed between appellant Sly and decedent Howe so as to entitle appellant to traceable bank account funds even though the balance of the accounts had been withdrawn by Howe prior to her death.

The matter was submitted to the trial court on cross-motions for summary judgment with an accompanying stipulation of facts; there is, accordingly, no material issue of fact. *See* City of Las Vegas v. Cragin Indus., 86 Nev. 933, 478 P.2d 585 (1970).

From the stipulated facts it appears that Sly and Howe together opened two bank accounts and that by the terms of the bank signature cards, they agreed to be "joint depositors,"

owning the money "jointly with the right of survivorship." At the time the accounts were opened, NRS 663.015 was in effect.[1] Section 1 of the statute states that where the signatory forms at the bank so provide, joint tenancy is presumed to have been created.[2] The parties agree the presumption is rebuttable. There is thus, under the circumstances of this case, only a prima facie showing of joint tenancy, which then "open[s] the door to competent evidence" that something other than a joint tenancy was actually intended. Marrow v. Moskowitz, 174 N.E. 460 (N.Y. 1931).

It is reasonable that the joint tenancy presumption may be rebutted. Courts have acknowledged the hardship which a contrary view might impose on parties having "convenience" accounts, as where an incapacitated person might have a joint account for the sole purpose of financial management. *See* Yakima Adjustment Serv., Inc. v. Durand, 622 P.2d 408 (Wash.App. 1981) (upholding a summary judgment where uncontroverted affidavits were filed denying an intent to establish a joint tenancy.)

In the instant case, the following evidence supports a finding that Carolyn Howe did not intend to create a joint tenancy: Howe was the sole contributor to both accounts; Howe maintained at all times exclusive dominion and control over the savings account passbook and the checking account checks, deposit slips and deposit book; Howe withdrew all funds and

---

[1] NRS 663.015 provided as follows:

1. When a deposit has been made, or is made after July 1, 1971, by any person, in any bank or other depository transacting business in this state, in the name of the depositor and one, two or more persons, and in form to be paid to the survivor or survivors of them, such deposit and any additions thereto made by any such persons, after the making thereof, shall become the property of such persons as joint tenants, and such deposits, together with all dividends thereon, shall be held for the exclusive use of such persons and may be paid to any of them during the lifetime of all or to the survivor or survivors after the death of any of them. Such payments and receipts or acquittances of the person or persons to whom such payment is made shall be valid and sufficient release and discharge to such bank or other depository for all payments made on account of such deposit.

2. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or other depository, or a surviving depositor, is a party, of the intention of the depositors to vest such deposit and the additions thereto in such survivor or survivors.

The current Statute is found at NRS 100.085.

[2] Section 2 of the statute creating a conclusive presumption of survivorship is not applicable in this case because all funds were withdrawn from the account by Howe prior to her death. Frank v. Frank, 93 Nev. 659, 572 P.2d 530 (1977).

thus closed both accounts without the consent of appellant and Howe redeposited the funds in individual accounts on which appellant was not a signatory.

An analogous situation was presented in Paterson v. Comastri, 244 P.2d 902 (Cal. 1952) (cited with approval in Frank v. Frank, 93 Nev. 659, 572 P.2d 530 (1977)). Mary Gilmour opened a checking account with her sister (Paterson). The funds deposited were obtained by Gilmour during the years of her marriage. Gilmour made all withdrawals on the account and always controlled the passbook. When she later remarried, Gilmour withdrew all funds from the account, without the consent of her sister, and deposited them in a joint checking account with her new husband. In a suit instituted by Paterson after her sister's death the trial court found that there had been no intent to establish a joint tenancy, notwithstanding the form of the banking account. The California Supreme Court affirmed.

Although it is generally held that a withdrawal of all funds does not of itself terminate a joint tenancy,[3] withdrawal is evidence that a joint tenancy was never intended. *See* Matter of Coddington's Estate, 391 N.Y.S.2d 760 (N.Y.App. 1977); In re Will of Filfilley, 313 N.Y.S.2d 793 (N.Y.Sur.Ct. 1970); *see also,* Paterson v. Comastri, *supra.* It is also true that appellant's lack of contribution to the accounts does not preclude the possibility of survivorship. Wallace v. Riley, 74 P.2d 800 (Cal.App. 1937); Gatewood v. Griffin, 549 P.2d 829 (Okla.App. 1976). It is, however, evidence of lack of intent. *See* Paterson v. Comastri, *supra;* Yakima Adjustment Serv., Inc. v. Durand, *supra.* In addition, one party's exclusive control of the account passbooks is competent evidence against the presumption of joint tenancy. Paterson v. Comastri, *supra.* Based on these uncontroverted facts, the court could properly have concluded that the presumption of joint tenancy was rebutted. We therefore affirm the summary judgment entered by the court below.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and ZENOFF, Sr. J.,[4] concur.

---

[3]See Marrow v. Moskowitz, *supra;* State v. Gralewski's Estate, 159 P.2d 211 (Or. 1945).

[4]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const. art. 6, § 19; SCR 10.