IN THE MATTER OF THE ESTATE OF MARY H. MATELICH, DECEASED, LORRAINE MALINAK, EXECUTRIX, BENEFICIARY AND INTERESTED PARTY, APPELLANT, v. EUGENE MATELICH, RESPONDENT.

No. 19102

April 25, 1989                    772 P.2d 319

204

[Rehearing denied June 26, 1989]

*Lynn R. Shoen*, Las Vegas, for Appellant.

*Shaner & Trent*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This opinion concerns the effect on the title of individually owned property when the owner places the property in a joint tenancy safe-deposit box and signs a signature card for the safe-deposit box declaring that all property placed in the box shall be joint tenancy property. We hold that the signature card does not create a joint tenancy in the property because the card is not a title-changing writing required by NRS 111.065(2) to create a joint tenancy. Accordingly, we affirm the district court's order.

### Facts

Mary Matelich and her daughter, Lorraine Malinak, opened a joint tenancy safe-deposit box into which Matelich deposited her stocks and bonds, totaling approximately $600,000.00 in value. The card that they signed to open the safe-deposit box stated, in pertinent part, as follows:

> Joint Tenants (1) The undersigned do hereby declare and represent that we own, as joint tenants, with the right of survivorship, all of the property of every kind or character at any time heretofore placed in said box and that all property which may be deposited therein by either or any of us, shall be and is owned by us as joint tenants. . . .

Matelich subsequently passed away, and Malinak claimed that the stocks and bonds became joint tenancy property when Matelich placed them in the safe-deposit box. Malinak argued before the district court that the stocks and bonds should not be distributed according to the terms of Matelich's will because they became Malinak's by right of survivorship. The district court disagreed and included the stocks and bonds in the probate estate.

## Discussion

The American Law Reports notes that the majority of states hold that property placed in a safe-deposit box becomes joint tenancy property if the signature card so provides. 14 A.L.R.2d 948, 982. We, however, question the wisdom of this rule as did the author of the A.L.R. annotation:

> [O]ne should be quick to add that this is hardly to be classed as a choice method of arranging title.
>
> The reasoning applied in the cases denying that joint ownership can be created by agreement and deposit is entirely consonant with legal thinking. It is difficult to find in the deposit anything closely approaching a traditional title-changing event. . . .
>
> [W]ill intent (assuming intent plus deposit can change title), clearly expressed by the parties at the time of taking a safe-deposit box, that articles placed therein shall be jointly owned, prevail if it appears that a later deposit was meant to be temporary or that the depositor forgot the terms of the leasing agreement, or where an effect bears indicia of another kind of ownership?

*Id.,* at 982-83.

Pennsylvania has rejected the majority rule that the signature card creates a joint tenancy in the contents of the safe-deposit box. In re Estate of Secary, 180 A.2d 572 (Pa. 1962). The facts of *Secary* are very similar to the facts of this case except that the holders of the safe-deposit box were brothers. The decedent had deposited stock certificates registered solely in his name in a safe-deposit box which the brothers rented with a provision on the signature card that the contents would be joint tenancy property. The court held that the stock certificates remained the property of the decedent's estate alone because no valid inter vivos gift of a joint interest with right of survivorship had been made. *Id.,* at 575.

In favor of finding that the contents of the box in this case became joint tenancy property, Malinak cites to a Nevada case in which a signature card for a joint bank account created a joint tenancy with right of survivorship in the money deposited. Weinstein v. Sodaro, 91 Nev. 638, 541 P.2d 531 (1975). However,

*Weinstein* is based on a statute governing the ownership of bank accounts. *See* NRS 100.085. There is no such statute for safe-deposit boxes, and we decline Malinak's invitation that we extend the *Weinstein* holding to joint tenancy safe-deposit boxes.

The signature card that Matelich and Malinak signed was a declaration to the bank that they would deposit only joint tenancy property in the box. The bank apparently wishes to avoid the problems that might arise if one joint tenant of the safe-deposit box has access to the box while it contains the other joint tenant's individually owned property. While the declaration is an agreement between the bank and the renters of the box that the renters will put nothing but joint tenancy property in the box, the declaration is not sufficient to create a joint tenancy in the contents of the box because it is not an agreement between the renters and is not a title-changing instrument. The signature card does not, therefore, satisfy the requirement of NRS 111.065(2) that a joint tenancy be created by a writing.

The district court properly found that the stocks and bonds belonged to Matelich only and became part of her estate at her death. We have also considered Malinak's remaining assignments of error and have concluded that they are likewise without merit. Therefore, we affirm the district court's order.