[No. 13650-7-III.   Division Three.   April 11, 1995.]

FIREMANS FUND INSURANCE COMPANY, *Appellant*, v.
NORTHWEST PAVING AND CONSTRUCTION CO., INC., ET AL,
*Defendants*, FIDELITY & DEPOSIT COMPANY
OF MARYLAND, *Respondent*.

*Richard L. Lambe,* for appellant.
*James E. Lake,* for respondent.

MUNSON, J. — Fireman's Fund Insurance Company appeals an order on summary judgment, dismissing its garnishment of a joint bank account.

Kenneth and Geraldine Knapp are the sole shareholders of Northwest Paving and Construction Company, Inc. Northwest Paving entered into a contract with the State of Washington to serve as prime contractor for the construction of a section of Highway 28 in Douglas County. In March 1991, Fidelity and Deposit Company of Maryland provided a performance bond for Northwest Paving for that project. In connection with the bond, both Northwest Paving and the Knapps agreed to indemnify Fidelity for any losses it might sustain on the bond.

After Northwest Paving experienced difficulties on the project, several suppliers and subcontractors made claims against the performance bond. On September 27, 1991, Fidelity applied for, and was granted, a temporary restraining order preventing the Knapps or Northwest Paving from disposing of assets unless Fidelity was adequately collateralized. On October 11, 1991, Northwest Paving, the Knapps, and Fidelity agreed to preliminary injunction. Under the terms of the injunction, Northwest Paving was to sell assets and $250,000 of the proceeds were to be deposited into a joint account with Fidelity. On March 23, 1992, the Knapps sold some of their property and on April 9 deposited $250,000 into a joint account with Fidelity at the North Cascades National Bank.

Fireman's Fund, having a separate judgment against Northwest Paving and the Knapps, applied for and was granted a writ of garnishment for the account on July 30, 1992. Claiming it had superior rights to the funds, Fidelity was granted permission to intervene. The trial court found Fidelity had the superior interest in the account and dismissed the writ of garnishment except to the extent of the Knapps' residual interest in the account after Fidelity satisfied its claims. The trial court also awarded Fidelity attorney fees as the prevailing party.

Fireman's Fund first contends the trial court erred in finding Fidelity's interest in the joint account was superior to the Knapps' interest. The standard of review on appeal of a summary judgment has often been stated and need not be repeated here. *See, e.g., Mountain Park Homeowner's Ass'n*

*v. Tydings*, 125 Wn.2d 337, 883 P.2d 1383 (1994). Fireman's Fund argues the Knapps were the depositors of the funds. As used in the Financial Institution Individual Account Deposit Act, RCW 30.22, the term "depositor" can have two meanings:

> "Depositor", when utilized in determining the rights of individuals to funds in an account, means an individual who owns the funds. When utilized in determining the rights of a financial institution to make or withhold payment, and/or to take any other action with regard to funds held under a contract of deposit, "depositor" means the individual or individuals who have the current right to payment of funds held under the contract of deposit without regard to the actual rights of ownership thereof by these individuals.

RCW 30.22.040(11).

RCW 30.22.090 deals with controversies between depositors in a joint account, or their creditors, during the lifetime of the depositors. It states:

> Funds on deposit in a joint account . . . with right of survivorship belong to the depositors in proportion to the net funds owned by each depositor on deposit in the account, unless the contract of deposit provides otherwise or there is clear and convincing evidence of a contrary intent at the time the account was created.

RCW 30.22.090(2). The statute "creates a rebuttable presumption that funds in a joint account with right of survivorship are owned by the depositors in proportion to the amount deposited by each." *Morse v. Williams*, 48 Wn. App. 734, 741, 740 P.2d 884 (1987). In other words, the mere fact funds are deposited into a joint account does not result in a present transfer of ownership even though the nondepositing party may have full rights to withdraw the funds. It is undisputed the funds at issue here are the proceeds of the sale of property of the Knapps.

RCW 30.22.090(2) provides that the presumption may be overcome by either the contract of deposit or clear and convincing evidence of a contrary intent at the time the account was opened. "Account" means the contract of deposit. RCW 30.22.040(1). Here, the "contract of deposit" is the bank's account card which was signed by Mr. and Mrs. Knapp and

an agent for Fidelity. Although the back of the card contains a provision entitled "Ownership of Account", there is nothing in that provision which contradicts the presumption of RCW 30.22.090(2).

■ The question thus becomes whether there was clear and convincing evidence the Knapps intended to grant Fidelity a superior ownership interest at the time the account was created. Fireman's Fund argues the account card is a fully integrated contract and, consequently, the parol evidence rule prohibits the admission of evidence to the contrary. A joint account, however, has aspects of two contracts: one between the depositors and the bank, and a second between the depositors themselves. *Munson v. Haye*, 29 Wn.2d 733, 189 P.2d 464 (1948). As the *Morse* court noted, "a signature card is usually prepared by and for the bank and does not necessarily express the terms of any agreement between the depositors." *Morse*, at 741 n.2. While the parol evidence rule may well preclude evidence extrinsic to the account card as far as the contract between the depositors and the bank, there is no indication in this case the depositors intended the account card to contain the entire agreement between them. Parol evidence is admissible as to their agreement.

The evidence revealed both the Knapps and Northwest Paving were required to indemnify Fidelity for any losses it might incur on Northwest Paving's bond. Under the terms of the preliminary injunction, Northwest Paving was allowed to sell assets and deposit the proceeds into a joint account with Fidelity. The preliminary injunction did not, however, specifically mention assets owned by the Knapps. Because of liens and other claims on Northwest Paving's properties, the sale of the corporate assets fell through. Realizing they were still personally liable, the Knapps sold land they owned. The entire $250,000 deposited into the account came from that sale.

Also in evidence were the instructions to the escrow agent regarding the proceeds of the sale. The escrow agent was

instructed to "[d]eposit $250,000 in joint account for Knapp/Fidelity & Deposit . . .." Mrs. Knapp testified:

> There is no question in my mind that our interest in the money in Account No. 20002275 at the North Cascades National Bank in Omak, Washington is subordinate to F&D's right to the funds as collateral for its bond obligations on the Highway 28 project . . ..

Even when viewed in the light most favorable to Fireman's Fund, the evidence, taken as a whole, clearly and convincingly shows the Knapps intended to grant Fidelity a superior interest in the funds at the time the account was opened. The trial court did not err in quashing the writ.

Fireman's Fund next contends the trial court erred in holding the Knapps' right to refuse consent to withdrawals from the account was not subject to garnishment. Although the question of whether such a right constitutes property is interesting from a theoretical perspective, the question need not be answered here. The writ commanded the bank not to pay any debts to the Knapps and "not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the Defendant in your possession or control . . .." Even assuming such a right is property, the right was not under the possession or control of the bank. Fireman's Fund argues the bank was, in effect, the gate-keeper of that right because it could control withdrawals from the account. While the bank may or may not have such a right, that right would appear to exist separate and apart from the Knapps' right. The trial court did not err.

Fireman's Fund also contends the trial court erred in awarding attorney fees to Fidelity. RCW 6.27.230 states in part: "[w]here the answer is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party . . .." The award of attorney fees is not limited to the judgment debtor, but may be made to an intervening party who prevails. *Yakima Adj. Serv., Inc. v. Durand*, 28 Wn. App. 180, 622 P.2d 408 (1981). Here, Fidelity, as an intervening party, controverted the bank's answer to the writ. Fireman's Fund

argues the garnishment was not completely defeated because the trial court allowed the garnishment as to the Knapps' contingent interest in the account. However, Fidelity intervened in the action to protect its interest in the bank account. It was successful in protecting that interest, and it is the prevailing party. Fidelity is entitled to attorney fees both in the trial court and on appeal.

Affirmed; Fidelity is awarded attorney fees for the appeal.

THOMPSON, C.J., and SCHULTHEIS, J., concur.