# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ALINA FAROOQ,

        Appellant,

        v.

AZEEM AHMED KHAN,

        Respondent.

No. 80970-9-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. —The trial court denied Farooq's motion to quash a writ of garnishment. Farooq failed to meet her burden to prove she did not own the funds deposited in a joint bank account. And, Farooq did not identify a substantial injury resulting from a failure to comply with statutory garnishment procedures. The trial court acted within its discretion. We affirm.

## FACTS

Following a 2017 family law hearing, the court entered an order denying Alina Farooq's motions and awarding attorney fees of $1,500 to Azeem Khan. In June 2019, Khan applied for a writ of garnishment, stating that Farooq had not paid the judgment and he had reason to believe that Wells Fargo Bank N.A. held funds in an account for Farooq. The court issued a writ of garnishment against Wells Fargo. Khan served the writ on Wells Fargo, the garnishee, and mailed certain documents, including the writ, to Farooq's Atlanta, Georgia address.

On August 8, 2019, Wells Fargo answered the writ. The bank's answer confirmed that Farooq maintained a financial account with Wells Fargo which held sufficient funds to satisfy the amount owed to Khan, the judgment creditor.

Farooq did not file an affidavit to controvert the bank's answer. See RCW 6.27.210, .220. However, on August 15, 2019, represented by counsel, Farooq filed a motion to quash the writ of garnishment. She primarily argued that the court should set aside the writ because the garnished account contained only funds deposited by a third-party, Shahzaib Khan, the co-owner of the account.[1] Farooq also claimed that Khan did not notify her of the writ within the timeframe established by the garnishment statute or provide her with a specific statutorily-mandated document to apprise her of her rights. See RCW 6.27.130, .140.

In support of her motion, Farooq provided, among other documents, the declaration of Shahzaib. Shahzaib stated that he had been the family nanny, that he was the only person who deposited funds in the garnished savings account, and that Farooq's name was on the account so that "if anything happened, [she] could remove the money" and send it to his family in Pakistan.

The court denied the motion to quash the writ, finding that Farooq was a "co-owner of [the] Wells Fargo account" and that her statements and those of Shahzaib were "not credible."[2]

---

[1] Because Shahzaib Khan and Azeem Khan share the same last name, we refer to Shahzaib Khan by his first name for clarity.

[2] The record on appeal does not include clerk's minutes for an August 30 hearing on the motion to quash the writ, but Farooq's briefing indicates that the court held a hearing before denying her motion.

Acting pro se, Farooq filed a motion for reconsideration of the court's ruling.[3] She submitted new documentary evidence in support of her motion, including numerous bank statements. She claimed that she was added to the garnished savings account on July 3, 2019 and that no funds were deposited in the account at that time or thereafter.

The court denied the motion. Farooq appeals.

## DISCUSSION

The garnishment process is governed by statute. Chapter 6.27 RCW; Bartel v. Zucktriegel, 112 Wn. App. 55, 64, 47 P.3d 581 (2002). The garnishment statute's purpose is to enforce a debtor's obligations. See RCW 6.27.005. Garnishment involves three parties: a judgment creditor, a judgment debtor, and a garnishee, which holds property belonging to the debtor. RCW 6.27.080(3) (writs against financial institutions); Hinote's Home Furnishings, Inc. v. Olney & Pederson, Inc., 40 Wn. App. 879, 886-87, 700 P.2d 1208 (1985). Once a judgment creditor obtains a writ of garnishment, the garnishee must answer the writ. RCW 6.27.020, .190. The garnishee's answer must provide information about the funds or property of the debtor in its control. RCW 6.27.190. The judgment debtor or judgment creditor may challenge the garnishee's answer. RCW 6.27.210, .220.

---

[3] Although titled a "Motion for Revision," Farooq's motion did not seek revision of a superior court commissioner's decision under RCW 2.24.050 and appeared to be a motion for reconsideration under CR 59.

3

I.   Funds Held in Joint Account

As she argued below, Farooq contends that the trial court was required to quash the writ because all funds in the Wells Fargo joint account were deposited by Shahzaib and were, therefore, "owned" by him.  For purposes of this appeal, we assume that the question of whether the joint account was subject to garnishment is a question of law that we review de novo.  See Weyerhaeuser Co. v. Calloway Ross, Inc., 133 Wn. App. 621, 624, 137 P.3d 879 (2006) (reviewing de novo the question of whether liability insurer was required to honor writ of garnishment).

Farooq relies on RCW 30A.22.090(2), a provision of the Financial Institution Individual Account Deposit Act, which provides that funds deposited in a joint account, "belong to the depositors in proportion to the net funds owned by each depositor on deposit in the account."

> The statute "creates a rebuttable presumption that funds in a joint account with right of survivorship are owned by the depositors in proportion to the amount deposited by each." Morse v. Williams, 48 Wn. App. 734, 741, 740 P.2d 884 (1987).  In other words, the mere fact funds are deposited into a joint account does not result in a present transfer of ownership even though the nondepositing party may have full rights to withdraw the funds.

Fireman's Fund Ins. Co., v. Nw. Paving and Const. Co., Inc., 77 Wn. App. 474, 476, 891 P.2d 747 (1985).  Because "a creditor has no greater rights to a fund than his debtor," garnishment of a joint bank account reaches only those funds owned by the debtor.  Yakima Adjustment Serv., Inc. v. Durand, 28 Wn. App. 180, 184, 622 P.2d 408 (1981).  The burden of proving the ownership of funds rests with the joint depositors.  Id. at 184-85.

Washington law supports Farooq's argument that a creditor can garnish only property that is owned by the debtor. But, Farooq bore the burden to prove that she did not own or deposit any funds in the joint account.

In support of her motion to set aside the writ, Farooq relied solely on her own self-serving statements and those of Shahzaib. Farooq provided no information about the joint account and simply claimed she would have to assume "considerable debt" to repay Shahzaib. Shahzaib asserted that all the funds in the account were his, and beyond explaining that Farooq was a co-owner for emergency purposes, similarly provided no details about the account. Farooq submitted no documents to substantiate her claims. The trial court did not err in concluding that the unsupported assertions Farooq relied upon did not satisfy her burden of proof.

Farooq submitted additional evidence in support of her motion for reconsideration of the court's ruling. We review orders on motions for reconsideration for an abuse of discretion. Terhune v. N. Cascade Tr. Servs., Inc., 9 Wn. App. 2d 708, 727, 446 P.3d 683 (2019), review denied, 195 Wn.2d 1004, 458 P.3d 782 (2020). The superior court abuses its discretion when its decision is "manifestly unreasonable, based on untenable grounds, or unsupported by the record." Id. The court's discretion extends to its decision whether to consider new evidence on reconsideration. Martini v. Post, 178 Wn. App. 153, 162, 313 P.3d 473 (2013) ("The decision to consider new or additional evidence presented with a motion for reconsideration is squarely within the trial court's discretion.").

Farooq relied on new evidence submitted on reconsideration to argue that (1) she became a co-owner of Shahzaib's account on July 13, 2019, and (2) apart from nominal interest, no funds were deposited into that account when she became a co-owner or thereafter. But, the documents purporting to establish that Farooq's ownership began in July 2019 were application documents, not contracts of deposit with the bank. The documents were not signed by an agent of the bank and there is no evidence to show that the bank added Farooq as an account holder on the date indicated on the document. The evidence does not conclusively establish when Farooq's co-ownership began. And, although Farooq submitted bank statements showing that Shahzaib regularly transferred funds into the joint savings account from his sole checking account, those transfers do not account for the entire balance.

It was within the court's discretion to decline to consider Farooq's new evidence on reconsideration. And, even if the court considered that evidence, there was a tenable basis to conclude that Farooq failed to prove that she did not own any portion of the funds held in the joint account.

## II.    Compliance with Garnishment Procedures

Farooq also claims that Khan failed to notify her of the writ of garnishment within the timeframe required by RCW 6.27.130 and did not provide the mandatory form set forth in RCW 6.27.140.

6

RCW 6.27.130(1) outlines the timing and content of notice that the judgment creditor must provide to the judgment debtor:

> (1) When a writ is issued under a judgment, <u>on or before the date of service of the writ on the garnishee, the judgment creditor shall mail or cause to be mailed to the judgment debtor</u>, by certified mail, addressed to the last known post office address of the judgment debtor, (a) a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ, and (b) <u>if the judgment debtor is an individual, the notice and claim form prescribed in RCW 6.27.140</u>. In the alternative, on or before the day of the service of the writ on the garnishee or within two days thereafter, the stated documents shall be served on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action.

(Emphasis added.) The statute requires that if the judgment creditor serves the judgment debtor by mail, the person who mails the required documents must file an affidavit of service. RCW 6.27.130(3).

The statute also addresses the consequences of a judgment creditor's failure to comply with procedural requirements:

> (2) The requirements of this section shall not be jurisdictional, but (a) no disbursement order or judgment against the garnishee defendant shall be entered unless there is on file the return or affidavit of service or mailing required by subsection (3) of this section, and (b) if the copies of the writ and judgment or affidavit, and the notice and claim form if the defendant is an individual, are not mailed or served as herein provided, or if any irregularity appears with respect to the mailing or service, the court, <u>in its discretion, on motion of the judgment debtor promptly made and supported by affidavit showing that the judgment debtor has suffered substantial injury from the plaintiff's failure to mail or otherwise to serve such copies, may set aside the garnishment</u> and award to the judgment debtor an amount equal to the damages suffered because of such failure.

RCW 6.27.130(2) (emphasis added).

While Farooq's motion alleged a failure to comply with RCW 6.27.130 and .140, her declaration did not mention the notice and explanation of rights form or describe any of the documents Khan mailed to her. The certification of mailing Khan filed in superior court indicates that he mailed several documents, including the prescribed notice and explanation of rights form set forth in RCW 6.27.140. Insofar as Farooq alleges a due process violation based on the failure to provide the required notice and explanation of rights form, her claim fails chiefly because the evidence in the record does not establish a failure to provide the document.[4]

While Farooq maintains that Khan did not mail any documents to her until August 2, 2019, the evidence she submitted reveals a mailing date-stamp of July 31, 2019. Khan contends that July 31 is also the date he served the writ on the garnishee. Yet, the documents he cites show only that the bank's agent signed its answer to the writ on that date. And, the record indicates that Wells Fargo informed Shahzaib and Farooq that Khan served the writ of garnishment on the bank two days earlier, on July 29.

Therefore, the evidence in the record indicates that Khan did not mail the required documents to Farooq "on or before" the date he served the writ on the bank, as required by RCW 6.27.130(1). Nevertheless, this timing requirement is

---

[4] To the extent that Farooq alleges that garnishment of the joint account violated Shahzaib's due process rights, he is not a party to this proceeding. And, if he were, Farooq would not be authorized to represent his legal interests. Farooq may act as her own attorney, but the right of self-representation applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wn.2d 48, 57, 586 P.2d 870 (1978).

not "jurisdictional." RCW 6.27.130(2). Khan's noncompliance provided only a discretionary basis for the court to set aside the writ of garnishment upon a showing of "substantial injury." RCW 6.27.130(2). Farooq alleged no substantial injury related to the timing of service. She consistently claimed that the garnishment caused financial hardship because she was obligated to repay Shahzaib. Farooq argues on appeal that had Khan complied with the statute, she could have asserted a claim of exemption. See RCW 6.27.150 (exemption of earnings). This argument, however, directly contradicts her position that all funds in the account belonged to Shahzaib.

It does not appear that Farooq was prejudiced, let alone substantially injured, by the two day delay. She could have filed her motion challenging the writ on August 15, within the time period for controverting the bank's answer to the writ, had she chosen to do so. In light of Farooq's failure to identify a substantial injury, the court acted within its discretion, under the express terms of the statute, in declining to quash the writ based on lack of compliance with the statute.[5]

Finally, Farooq requests attorney fees on appeal. She cites RCW 6.27.230, which provides for an award of attorney fees to a prevailing party where the answer to the writ is controverted. Even assuming that the statute applies when the answer to the writ was uncontroverted, Farooq is not the prevailing party and establishes no basis for such an award. See In re Marriage of Brown, 159 Wn.

---

[5] Farooq makes vague and broad allegations of judicial misconduct. Absent any evidence in the record of bias or impropriety, her claims are unfounded.

App. 931, 938-39, 247 P.3d 466 (2011) (pro se litigant is generally not entitled to attorney fees).  We deny the request.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brennan, J_          _Verellen, J_